McKenna Brothers vs. Samuel Brown.

DECEMBER 28, 1908.

Present: Dubois, Blodgett, Johnson, and Parkhurst, JJ.

(1)  *Sale of Mortgaged Personal Property under Attachment.*

C. P. A., § 629, relative to the sale of mortgaged personal property under attachment, requires that a mortgagee shall receive from the proceeds of sale the amount due on the mortgage, and the attaching creditor can not deduct the expenses of such sale where the amount obtained is less than the amount due under the mortgage.

Assumpsit.   Heard on certification from District Court.

Per Curiam.  ·This case was certified to this court, from the District Court of the Sixth Judicial District, upon the following agreed statement of facts:

"The defendant, a constable in and for the county of Providence, on the 23rd day of June, 1908, attached the stock and fixtures of a barroom on Charles Street belonging to Ferdinando Savastano, on which the plaintiffs held a chattel mortgage of $1,000.00.  Said mortgage was made January 28, 1908, and was recorded in the Record Office in Providence, January 30, 1908, within five days from date, was proper in form and was given for an actual cash consideration of $1,000.00.  The plaintiff in the writ of attachment against Savastano obtained judgment and execution and the defendant levied said execution on above described chattels and sold same at public auction. The sale brought about $147.00.  The plaintiff's claim under section 629, C. P. A., that the entire amount received at sale should be turned over to them in satisfaction, as far as it will go, of their mortgage.  The plaintiff in the writ of attachment claims that under the Statute which provides that the 'proceeds of the sale shall be applied to the payment of the amount due on the mortgage,' he is entitled to retain the actual expense of sale, auctioneer's fee five dollars, advertising fourteen dollars and rent of store where goods were sold five dollars, and pay the balance to the mortgagee."

The statute above referred to reads as follows:

(1)    "SEC. 629.   The proceeds of the sale shall be applied to the payment of the amount due on the mortgage, with such deduction for interest for the anticipated payment, or allowance for damages for such anticipated payment, as may be ascertained and allowed by the court to which the execution is returnable, and the balance shall be applied to the payment of the amount due on the execution."

A proper construction of the foregoing statute is determinative of the case.   In our opinion, the various sums which the judgment creditor claims that he is entitled to retain, out of the money obtained from the sale of the mortgaged property levied upon by him, constitute a portion of "the amount due on the execution," which amount is to be paid out of the *balance* of the proceeds of sale remaining *after payment of the amount due on the mortgage.*   As there is no such balance of such proceeds, there is no fund out of which such payment can be made.   We therefore decide that the plaintiffs are entitled to recover the full amount received for the property sold by the defendant, without any deduction, and with interest from the date of the writ.

The papers in said case, with our decision certified thereon, are remitted to the District Court of the Sixth Judicial District, with direction to enter judgment for the plaintiff upon the decision.

*Joseph H. Gainer,* for plaintiff.
*John I. Devlin,* for defendant.